*26-000097261*

NEW BETHEL A.M.E. CHURCH

PLAINTIFF(S)

VS.

OHIO SECURITY INSURANCE COMPANY

DEFENDANT(S)

_____/

**CASE #:**     **2026CA000044**
**COURT:**    **3RD JUDICIAL CIRCUIT**
**COUNTY:**    **HAMILTON**
**DFS-SOP #:** **26-000097261**

SUMMONS, COMPLAINT, PLAINTIFF'S RULE 1.280A INITIAL DISCLOSURES, NOA AND EMAIL DESIGNATION

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the of the State of Florida's Department of Financial Services. Said process was received by ELECTRONIC DELIVERY on Friday, May 22, 2026 and a copy was forwarded by ELECTRONIC DELIVERY on Tuesday, May 26, 2026 to the designated agent for the named entity as shown below.

> OHIO SECURITY INSURANCE COMPANY
> LYNETTE COLEMAN
> 1201 HAYS STREET
> TALLAHASSEE, FL 32301

**\*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.**

SHELDON "DONNIE" WORRELL
ATTORNEY
MERLIN LAW GROUP, P.A.
777 S. HARBOUR ISLAND BLVD., SUITE 950
TAMPA, FL 33602



JD1

Filing # 246713210 E-Filed 04/23/2026 04:07:44 PM

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT,
IN AND FOR HAMILTON COUNTY, FLORIDA

CASE NO.: 26 CA 44

DIVISION: _____

NEW BETHEL A.M.E. CHURCH,

        Plaintiff,

vs.

OHIO SECURITY INSURANCE
COMPANY,

        Defendant.

_____/

## SUMMONS

TO:    OHIO SECURITY INSURANCE COMPANY,
       A Florida insurance corporation
       c/o Chief Financial Officer as RA
       Service of Process Section
       200 East Gaines Street
       Tallahassee, FL 32399

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint or Petition, Notice of Appearance and Email Designation, First Request for Production of Documents, and First Interrogatories to Defendant in this action on Defendant, OHIO SECURITY INSURANCE COMPANY, a domestic insurance corporation.

Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, whose name is Sheldon C. "Donnie" Worrell, Esq., Merlin Law Group, PLLC, 4887 Belfort Road, Suite 200, Jacksonville, FL 32256 within **20** days after service of this Summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiffs' attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

Dated: *April 23, 2026*

W. Greg Godwin
Clerk of the Court

By: _____
Deputy Clerk

IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT,
IN AND FOR HAMILTON COUNTY, FLORIDA

CASE NO.: _____
DIVISION: _____

NEW BETHEL A.M.E. CHURCH,

     Plaintiff,

vs.

OHIO SECURITY INSURANCE
COMPANY,

     Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, NEW BETHEL A.M.E. CHURCH, ("Plaintiff"), by and through the undersigned attorney, and files this Complaint for breach of contract against OHIO SECURITY INSURANCE COMPANY, part of the Liberty Mutual Insurance group of companies ("Defendant") and in support hereof, states as follows:

## THE PARTIES

1.    At all times material hereto, the Plaintiff, a church, maintained insured premises in the State of Florida.

2.    At all times material hereto, Defendant was a corporation duly licensed to transact insurance business in, and in fact transacts business in, the State of Florida.

3.    Defendant is in the business of insuring risks and properties located throughout the State of Florida.

## JURISDICTION AND VENUE

4.    Jurisdiction and venue of this matter are proper in the Circuit Court for Hamilton County, Florida because:

1

(i) This is an action for damages greater than Fifty Thousand Dollars ($50,000.00) exclusive of interest, costs, and attorneys' fees, and is otherwise within the jurisdictional limits of this Court.

(ii) Defendant is a corporation duly licensed to transact insurance business in the State of Florida;

(iii) Defendant does business, has offices, and/or maintained agents for the transaction of its customary business in Hamilton County, Florida;

(iv) The damage caused by Defendant's wrongful conduct relating to the failure to pay full value for the covered loss to Plaintiff under the terms of the policy of insurance, for which this lawsuit seeks redress, occurred in Hamilton County, Florida;

(v) The Policy at issue here was entered into in Hamilton County, Florida; and

(vi) The Property insured by the Policy is located in Hamilton County, Florida.

## THE POLICY

5. Prior to the Date of Loss, September 27, 2024 ("Date of Loss"), the Plaintiff obtained a commercial property insurance policy from the Defendant to cover the property located at 16823 Spring Street, White Springs, FL 32906, ("Property").

6. In consideration of the premium paid to the Defendant by the Plaintiff, Defendant issued its Policy No. BKS (25) 64 79 87 84 ("Policy") to provide insurance coverage which included, but was not limited to, coverage afforded to protect Insured's Property against windstorm damage.

7. The Insured's Policy was issued by the Defendant to the Insured in Hamilton County, Florida and was in full force and effect as of the date of loss.

2

8. A formal certified copy of the Insured's Policy is attached. <u>See</u> **Exhibit "A"** Copy of Insurance Policy contract attached hereto.

9. The Policy insures against property damage to the Property, and the Policy likewise insures against loss from wind damage.

**STATEMENT OF FACTS**

10. On or about September 27, 2024, the Property was damaged by a windstorm event, Hurricane Helene (hereinafter "the Loss").

11. The Policy that insured the Property was in full force and effect at the time of the Loss.

12. Said event was a covered peril under the Policy issued by Defendant to the insured Plaintiff.

13. As a result of the Loss, the Plaintiff suffered damage to the Property, which includes, but is not limited to, damage to the Property's roof assembly/system, interior storage room, bathroom, kitchen, congregation room, and annex of the church.

14. The Plaintiff promptly and timely notified Defendant of the Loss of the damage to the Property as a result of the Loss and made a claim pursuant to the Policy. The Plaintiff has otherwise performed all conditions precedent to recovery under the Policy and under the applicable Florida Statutes.

15. As a result, the Defendant assigned claim number 24256290 to the claim.

16. Subsequently, the Defendant named a series of adjusters as its authorized agents and representatives to Plaintiff's claim. The Defendant named the following known adjusters as its authorized agents and representatives to Plaintiff's claim: Elijah "Eli" Weddell, Adjuster of Liberty Mutual Insurance, Florida Adjuster License Number G066958; Fernando Moura, Adjuster of Liberty Mutual Insurance, Florida Adjuster License Number W255998; and Kendall Jones Adjuster of Liberty Mutual Insurance, Florida Adjuster

License Number P035009.

17. At all times, the Insured made itself and the Property available to and fully cooperated with the Defendant and its representatives and agents to inspect and investigate the damage caused by the storm.

18. Defendant's authorized representatives and agents, Adjusters, undertook the handling of the disposition of the claim.

19. Defendant, through its authorized representatives and agents, Adjusters, performed an initial inspection of the Property.

20. The Defendant denied the claim, asserting that the alleged loss was not caused by a covered cause of loss and that various exclusions applied, and refused to issue any payment under the Policy, including for resulting damage that is otherwise covered. <u>See</u> **Exhibit "B"** Insurer Denial Letters.

21. Plaintiff hired a Florida licensed public adjuster to inspect the damages and provide an estimate of the damages on the Claim.

22. Plaintiff has submitted reasonably priced bills and/or estimates to the Defendant for this dispute for the services required by the Insured at the Insured's Property and have been unpaid by the Defendant for same. <u>See</u> **Exhibit "C"** Insured's selected Florida licensed public adjuster estimate attached hereto.

23. Plaintiff is unable to begin work as the Defendant has wrongfully denied the claim.

24. This is an action related to the Defendant's breach of contract and failure to pay the full value for construction services required by Plaintiff under a commercial property insurance policy.

25. There exists a genuine, justifiable controversy between Plaintiff and Defendant as to

4

whether Defendant is responsible for coverage for the replacement cost of the entire roof and interior damage of the Property caused by the windstorm event, Hurricane Helene, which occurred on September 27, 2024.

26. The Plaintiff has exhausted every reasonable means possible to resolve this dispute with the Defendant. With no other option, the Plaintiff was constrained to hire legal counsel, incurring additional expenses, and file this lawsuit.

## BREACH OF CONTRACT

27. Plaintiff realleges and readopts Paragraphs 1 through 26 as if fully set forth herein and sues the Defendant for breach of contract and further states as follows:

28. Plaintiff is the named insured under the Policy, and the Policy was in full force and effect as to the Plaintiff and the Property at all times material to this Complaint, including when the Property was damaged on the Date of Loss.

29. Plaintiff has performed all conditions to Defendant's obligation to perform under the Policy, including without limitation, the timely payment of premiums, timely notice of the claim, mitigated the property and made temporary repairs to prevent further damages to the property, or the Defendant has waived any and all other conditions.

30. Defendant is required to compensate the Plaintiff for all direct physical losses under the terms of the Commercial Property Coverage Form and Causes of Loss – Special Form commercial Policy.

31. Defendant is required to compensate the Plaintiff for the cost to tear out and replace any part of a building necessary to replace the wind damaged property by the terms of their original contract.

32. Defendant's failure and refusal to pay the full amount of the claim was contrary to the

5

terms of the Policy and/or Florida law and constitutes a breach of said contract of insurance causing further delay in restoring Plaintiff's Property to its pre-loss condition.

33. As a direct and proximate result of Defendant's breach of said contract of insurance, Plaintiff has been damaged by having not been compensated for the damage sustained to the Property, which is owed under the terms of the Policy.

34. Plaintiff has been and remain fully prepared to comply with all obligations pursuant to the Policy.

35. As a direct and proximate result of Defendant's refusal to pay the Plaintiff's claim, the Plaintiff has been required to retain the services of the undersigned attorneys.

36. All of the foregoing conduct constitutes a breach of contract which has resulted in damages to the Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues triable as a matter of right by a jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that after due proceedings are had, all appropriate penalties be assessed against the Defendant and that Plaintiff receives any and all damages at law to which it is justly entitled, and thus prays for judgment against the Defendant, as follows:

a. That the Court take jurisdiction over the parties and subject matter of this action;

b. That the Court enter an Order for compensatory damages for breach of contract for all unpaid and/or underpaid bills in an amount to be determined at trial with interest on any overdue payment and costs;

c. Any and all other relief that the Court may deem just and proper, whether such relief sounds in law or equity.

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been provided to the Defendant via the Chief Financial Officer as RA, Service of Process Section, 200 East Gaines Street, Tallahassee, FL 32399.

**Respectfully submitted April 23, 2026.**

**Merlin Law Group, PLLC**

**Sheldon "Donnie" Worrell, Esq.**
FL Bar No.: 1012302
DWorrell@MerlinLawGroup.com
bpadgett@merlinlawgroup.com
MERLIN LAW GROUP, PLLC
4887 Belfort Road, Suite 200
Jacksonville, FL 32256
Telephone: (904) 345-4496
Fax: (904) 345-4497
*Attorney for the Plaintiff*

7